RECEIVED
AUG 21 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REID ZEISING and DIXIE RESTAURANT GROUP, LLC | CIVIL ACTION NO. 12-2614 |
| VERSUS | JUDGE TRIMBLE |
| MICHAEL A. SHELTON and SHELTON RESTAURANT GROUP, LLC | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is Rec. Doc. 102 in the above-captioned case, a Motion for Summary Judgment filed on behalf of Michael A. Shelton and Shelton Restaurant Group, LLC ("Defendants"). Defendants' motion seeks judgment as a matter of law on the unjust enrichment claim by Reid Zeising ("Plaintiff" or "Zeising"), the sole remaining claim in this case. For the reasons expressed herein, Defendants' motion will be **GRANTED** and Plaintiff's unjust enrichment claim will be **DENIED** and **DISMISSED** with prejudice.

I.  BACKGROUND

Plaintiff Reid Zeising filed suit against Defendants in his individual capacity and on behalf of Dixie Restaurant Group, LLC ("Dixie") as its purported sole remaining member in 2012.[1] In a ruling dated July 18, 2014, this court dismissed Shelton's claims for breach of contract and fiduciary duty arising out of an alleged oral contract preceding the formation of

---

[1] R. 1.

1

Dixie.[2] The court also dismissed Plaintiffs' claims for breach of fiduciary duty allegedly owed to Dixie. Based upon these findings, the court also dismissed Plaintiffs' claims for injunctive relief and constructive trust. The court declined to rule on Defendants' motion to dismiss Zeising's claim for unjust enrichment based upon the court's sense that such a ruling would necessarily require consideration beyond the scope of the pleadings.[3]

Plaintiffs appealed to the U.S. Fifth Circuit Court of Appeals and our findings were affirmed by memorandum judgment issued as mandate May 6, 2015.[4] Thereafter, Defendants filed the instant Motion for Summary Judgment on the Quantum Meruit Claim, seeking dismissal of Zeising's final remaining claim. The court has received and reviewed all necessary briefs in this matter and finds the issues ripe for decision.

## II.  APPLICABLE STANDARD

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[5] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[6]

---

[2] R. 90, 91. A full recitation of the facts giving rise to the instant suit may be found within the court's prior memorandum ruling and will not be rehearsed here.
[3] R. 90 at pp. 18-19.
[4] R. 101.
[5] Fed. R. Civ. P. 56(c)(1)(A).
[6] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[7] In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[8] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[9]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[10]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[11] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[12] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[13]

---

[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[8] Celotex, 477 U.S. at 325.
[9] Id.
[10] Id. at 322.
[11] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[12] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[13] Lujan, 497 U.S. at 888.

## III.  ANALYSIS

*Should Georgia or Louisiana law apply to Zeising's remaining claim?*

A federal court sitting in diversity applies the choice of law provisions of the forum state.[14] Louisiana law categorizes Zeising's claim as one for unjust enrichment, a quasi-contractual claim.[15] Louisiana's choice of law provisions regarding conventional obligations apply to claims for unjust enrichment.[16] The court's analysis must apply the law of the state whose policies would be most seriously impaired if its law were not applied to the issue.[17] In order to determine which state's policies would be most seriously impaired, the court must consider:

>  (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and the performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties;
>
>  (2) the nature, type, and purpose of the contract; and
>
>  (3) the policies referred to in Article 3515, as well as the policies of facilitating orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.[18]

Defendants assert that Louisiana law applies to Zeising's claim based on the three (3) factors of La. Civ. C. Art. 3537. Zeising opposes the application of Louisiana law, asserting that the parties clearly expressed the intent to be governed by Georgia law in this case. Zeising

---

[14] Pioneer Exploration, LLC v. Steadfast Ins. Co., 767 F.3d 503, 512 (5th Cir. 2014) citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941) and Am. Int'l. Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir. 2003).
[15] SMP Sales Management, Inc. v. Fleet Credit Corp., 960 F.2d 557 (5th Cir. 1992); Minyard v. Curtis Products, Inc., 205 So.2d 422 (La. 1967).
[16] La. Civ. C. Art. 3541.
[17] La. Civ. C. Art. 3537.
[18] Id.

4

points out that Dixie was formed as a Georgia LLC and it was clearly the intent of the parties to acquire, own and operate the Popeyes franchises through Dixie. The court does not agree.

As expressed in our prior ruling, Shelton was never a manager or member of Dixie and, therefore, we cannot conclude that he expressly intended to be governed by Georgia law.[19] While Plaintiff correctly cites La. Civ. C. Art. 3540 for the rule that a conventional obligation is interpreted according to the law which is expressly or impliedly selected in a given contract, we deem this provision inapplicable, because this court has already found that there was never a valid contract between these parties.

We agree with the analysis provided by Defendants regarding the factors required for the court's analysis, noting that these factors were not addressed by Plaintiff. Specifically, the court finds that the majority of the pertinent contacts between the parties to the transaction belong to Louisiana. It is established in the record that the deal being pursued by Shelton and Zeising was for the finance and purchase of twenty-nine (29) Popeye's restaurants located predominately in Louisiana.[20] Shelton is domiciled, habitually resides and maintains his business office in Alexandria, Louisiana.[21] Shelton became aware of the opportunity to purchase the restaurants from TMC Foods, a Louisiana LLC, during the course of his customary business dealings in Louisiana.[22] Shelton's contact with Zeising was to engage his help in arranging financing through General Electric Capital Corporation using as little of his own personal assets as possible to collateralize the purchase. Shelton and Zeising met in Scottsdale, Arizona to discuss potential financing with GE representatives.

---

[19] R. 90 at pp. 10-16.
[20] Id. at p. 2; R. 48-6 at p. 82 (list of restaurants included in proposed deal showing 20 of 29 franchise locations were in Louisiana).
[21] April 2015 Affidavit of Shelton [R. 102-4] at ¶ 1.
[22] Asset Purchase Agreement [R. 48-6] at p. 34.

Zeising is domiciled in and habitually resides in Georgia, where he conducted the vast majority of the due diligence work forming the basis of his unjust enrichment claim.[23] Zeising traveled to Louisiana on at least one occasion to meet with Shelton.[24]

Given these facts, again, the court finds that the majority of the pertinent contacts under the first factor belong to Louisiana. Looking to the second factor, the "nature, type and purpose of the contract[,]" we find this factor neutral, as no contract existed in this case.[25] The third factor asks the court to consider the policy imperatives of La. Civ. C. Art. 3515, as well as those promoting fair and efficient commerce among multistate parties.

Defendants assert that Louisiana law disfavors the common law quantum meruit as a substantive basis for recovery and argue that Louisiana's interest in preventing the imposition of such remedy within its own forum by a non-resident is strong.[26] Plaintiff fails to address this issue, adhering to his argument in favor of the idea that the parties selected Georgia law by virtue of various aspects of Dixie.

The court finds that the balance of factors for our consideration under La. Civ. C. Art. 3537 weighs in favor of the application of Louisiana law to Plaintiff's remaining claim in this matter and proceed accordingly.

### *Merits of Plaintiff's Unjust Enrichment Claim*

Under Louisiana law, a plaintiff asserting a claim for unjust enrichment must show:

(1) an enrichment;

(2) an impoverishment;

(3) a causal relationship between the enrichment and the impoverishment;

---

[23] R. 1 at ¶ 3; R. 102-4 at ¶¶ 11, 13.
[24] R. 102-4 ¶ 11.
[25] R. 90, 91.
[26] Fogleman v. Cajun Bag & Supply Co., 638 So.2d 706, 708 (La. App. 3 Cir. 1994).

(4) an absence of justification or cause for the enrichment or impoverishment; and

(5) an absence of any other remedy at law.[27]

Defendants' motion first asserts that Zeising's claim fails because he cannot establish that he was "impoverished" within the meaning of La. Civ. C. Art. 2298, which provides, in part, that "a person is impoverished when his patrimonial assets diminish or his liabilities increase."[28] Defendants deny that any "services" provided by Zeising constitute an impoverishment because Zeising did not have a "justified expectation" of payment, pointing to an email from Zeising to a GE employee in which Zeising stated that he was not being paid to pursue the deal.[29]

Zeising avers that the services he provided were, indeed, valuable and vital to the eventual purchase of the restaurants Shelton was able to make through Shelton Restaurant Group. Moreover, Zeising denies that he performed this work gratuitously. Zeising asserts that he was working "full-time on an acquisition of a restaurant business which he expected to be part owner."[30]

Defendants assert that, given Zeising's continued insistence that he worked on this project for the express purpose of becoming part-owner and not for the hope of any other commensurate compensation, his efforts may not be characterized as an impoverishment under law. The court agrees.

Despite the absence of any contracts among these parties, it is undisputed that the initial intent of the parties was to pursue a joint ownership scenario with regard to the Popeye's restaurants at issue in this case. It is therefore, clear that, taking Plaintiff's description of his due

---

[27] La. Civ. C. Art. 2298; Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc., 88 So.3d 1097 (5th Cir. 2012) (internal citations omitted); Minyard v. Curtis Products, Inc., 205 So.2d 422 (La. 1967).
[28] La. Civ. C. Art. 2298 at comment (b).
[29] R. 102-1 at p. 7.
[30] R. 106 at p. 7 citing Zeising Declaration.

7

diligence efforts as true for these purposes, all such efforts were undertaken in the hope of the acquisition of the restaurants, which would have benefitted both Zeising and Shelton.[31]

We agree that Charrier v. Bell is instructive in this matter:

> The impoverishment element in French law is met only when the factual circumstances show that it was not a result of the plaintiff's own fault or negligence or was not undertaken at his own risk...Obviously the intent is to avoid awarding one who has helped another through his own negligence or fault or through action taken at his own risk.[32]

Applying this theory to the instant matter, we find that Zeising, established in the record to be a sophisticated, experienced party to this attempted venture, undertook his efforts at his own risk when he proceeded in the absence of a written contract defining Shelton's rights and obligations with respect to Dixie. Moreover, given his level of sophistication, the court also finds Zeising's own negligence to be the cause of any "impoverishment" which may be said to have resulted from his provision of due diligence services in this matter. The court finds that Plaintiff fails to demonstrate an impoverishment under the law in this case.

Defendants' motion next asserts that Zeising's claim fails because he is unable to show that any enrichment to Shelton is without justification or cause. Specifically, Defendants assert that any enrichment to Shelton by virtue of his eventual purchase of the Popeye's restaurants is attributable to a valid juridical act between Shelton and GE and Shelton and TMC. Defendants aver that enrichment attributable to a valid juridical act between Shelton and a third party is not enrichment "without justification or cause" as must be shown by Zeising.

---

[31] MetroplexCore, LLC v. Parsons Trasp., Inc., 743 F.3d 964 (5th Cir. 2014); Ettinger v. Greenleaf, 483 So.2d 1116 (La. 5 Cir. 1986).
[32] 496 So.2d 601, 606-07 (La. 1 Cir. 1986).

The court has reviewed the jurisprudence cited by Defendants and argued inapplicable by Plaintiff. We find it applicable, particularly Conn-Barr, LLC v. Francis.[33] In that case, a prior Finder's Fee Agreement existed among the parties, giving rise to a contractual claim by Conn-Barr against Mrs. Francis. The Louisiana Third Circuit Court of Appeal affirmed the trial court's finding that the Finder's Fee was inoperable as to the facts of the case, rendering Conn-Barr's contractual claim with merit. The appellate court next addressed Conn-Barr's claim for unjust enrichment, finding that the enrichment which came to Mrs. Francis resulted from a valid juridical act, which was the subsequent sale of her business. Given the contractual void already established by the court, it found no unjust enrichment.

The instant case is not entirely dissimilar. Our prior ruling established the absence of any enforceable contract between Shelton and Zeising. Any enrichment which came to Shelton may fairly be attributed to the valid juridical acts which comprise the purchase and finance of the Popeye's restaurants at issue in this case. Again noting the absence of any contractual claim for payment for services by Zeising, we find that any enrichment to Shelton is with just cause. Plaintiff fails to demonstrate this requisite element of his claim.

Finally, Defendants assert that Plaintiff fails to show that he is without any other remedy at law, asserting that Plaintiff's attempted contract claim forecloses his right to now bring a claim for unjust enrichment. We find this argument without merit, recognizing the vast majority of Louisiana State and Federal courts in which this has been permitted under the theory that the dismissal of a contract claim represents the unavailability of that remedy at law for these purposes.[34] Having found that no contract existed between these parties, we find that Plaintiff is

---

[33] 103 So.3d 1208 (La. 3 Cir. 2012).
[34] See, e.g., General Acc. Ins. Co. of America v. Aggreko, LLC, 2012 WL 6738217 (W.D. La. 2012); Baker v. Maclay Properties Co., 648 So.2d 888 (La. 1995); Bayou Rapides Corp. v. Dole, 165 So.3d 373 (La. 3 Cir. 2015).

entitled to seek the remedy of unjust enrichment, though it does not salvage his claim in this matter.

## IV. CONCLUSION

The court finds that, under applicable Louisiana law, the remaining claim for unjust enrichment by Plaintiff Zeising fails as a matter of law. Specifically, the court finds that Plaintiff fails to show an "impoverishment" as that term is defined in the law and jurisprudence. Similarly, we find that Plaintiff fails to show that any enrichment to Shelton was without "justification or cause" as those terms have been interpreted in jurisprudence. The failure of these two requisite elements warrants the denial and dismissal of this remaining claim with prejudice. The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
August 21, 2015

/JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE